**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAR 0 5 2020

JAMES W. McCORMACK, CLERK
By:_____
PLAINTIFF          DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**JEREMY PAYNE, Individually and on
Behalf of All Others Similarly Situated**

This case assigned to District Judge ___Moody___
and to Magistrate Judge ___Harris___

vs.                                          No. 3:20-cv-_80-JM_

**THOMPSON CONSTRUCTION GROUP, INC.**                    **DEFENDANT**

### ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMES NOW Plaintiff Jeremy Payne ("Plaintiff"), each individually and on behalf of all others similarly situated, by and through his attorneys Tess Bradford and Josh Sanford of Sanford Law Firm, PLLC, and for his Original Complaint—Collective Action against Defendant Thompson Construction Group, Inc. ("Defendant"), and in support thereof he does hereby state and allege as follows:

### I.    PRELIMINARY STATEMENTS

1.    This is a collective action brought by Plaintiff, individually and on behalf of all others similarly situated employed by Defendant at any time within a three-year period preceding the filing of this Complaint.

2.    Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees, as a result of Defendant's failure to pay Plaintiff and other similarly situated employees lawful overtime compensation for hours worked in excess of forty (40) hours per week.

3.      Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA and AMWA as described, *infra*.

## II.      JURISDICTION AND VENUE

4.      The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5.      Plaintiffs' claims under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged herein; accordingly, this Court has supplemental jurisdiction over the AMWA claims pursuant to 28 U.S.C. § 1367(a).

6.      The acts complained of herein were committed and had their principal effect within the Northern Division of the Eastern District of Arkansas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

7.      Defendant does business in this District and a substantial part of the events alleged herein occurred in this District.

8.      The witnesses to the wage violations herein reside in this District.

9.      The records and other documents related to the payroll practices that Plaintiffs challenge are located in this District.

## III.      THE PARTIES

10.      Plaintiff repeats and re-alleges the preceding paragraphs of this Complaint as if fully set forth in this section.

11.      Plaintiff is a citizen of the United States and a resident and citizen of Clay County.

12.    Defendant is a foreign, for-profit corporation.

13.    Defendant's registered agent for service is C T Corporation System, at 124 West Capitol Avenue, Suite 1900, Little Rock, Arkansas 72201.

14.    Defendant maintains a website at https://thompsonsoutheast.com/.

## IV.    FACTUAL ALLEGATIONS

15.    Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

16.    Defendant is an "employer" within the meanings set forth in the FLSA and AMWA, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer, as well as the employer of the members of the proposed collective.

17.    Defendant is an industrial construction company.

18.    Defendant has jobsites throughout the southeast United States, including Arkansas.

19.    During each of the three years preceding the filing of this Complaint, Defendant employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling or otherwise working on goods or materials that had been moved in or produced for commerce by any person, such as construction tools and materials, as well vehicles.

20.    Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) for each of the three years preceding the filing of this Complaint.

21.    During the time period relevant to this case, Plaintiff was employed at Defendant's jobsite in Osceola.

22.     Plaintiff was employed by Defendant within the three (3) years preceding the filing of this Original Complaint.

23.     Defendant employed Plaintiff as an hourly-paid employee from August of 2019 until February of 2020.

24.     Specifically, Plaintiff was employed as a pipe welder.

25.     Plaintiff's duties as a pipe welder included welding pipes.

26.     In addition to his hourly wage, Plaintiff received $100.00 each day which Defendant designated as "per diem."

27.     All other hourly-paid employees also received "per diem" in the same or similar amount.

28.     Plaintiff and similarly situated employees received this "per diem" payment even when they were not travelling.

29.     Defendant misclassified the $100.00 payment as "per diem" when it should have been counted as regular compensation for Plaintiff and similarly situated employees.

30.     At all material times, Plaintiffs and similarly situated employees have been entitled to the rights, protection and benefits provided under the FLSA and AMWA.

31.     Plaintiff and other hourly-paid workers regularly worked in excess of forty (40) hours per week throughout their tenure with Defendant.

32.     Defendant paid Plaintiff and other hourly-paid workers one-and-one-half (1.5) times their base hourly rate for each hour they worked over forty (40) in a workweek.

33.     Defendant did not include the per diem amounts that were paid to Plaintiff and other hourly-paid workers in their regular rates when calculating their overtime pay.

**Page 4 of 13**
**Jeremy Payne, et al. v. Thompson Construction Group, Inc.**
**U.S.D.C. (E.D. Ark.) No. 3:20-cv-___**
**Original Complaint—Collective Action**

34.    Section 778.208 of Title 29 of the Code of Federal Regulations requires that all forms of compensation "must be totaled in with other earnings to determine the regular rate on which overtime pay must be based."

35.    Defendant violated the FLSA and AMWA by not including all forms of compensation, such the "per diem" paid to Plaintiff and other hourly-paid workers, in their regular rate when calculating their overtime pay.

36.    Defendant's pay practices were the same for all hourly workers who received payments misclassified as per diem.

37.    Upon information and belief, the pay practices that violate the FLSA and AMWA alleged herein were the same at all of Defendant's facilities because the policy was a centralized human resources policy implemented uniformly from the corporate headquarters.

38.    Defendant knew, or showed reckless disregard for whether, the way it paid Plaintiff and other hourly-paid workers violated the FLSA and AMWA.

## V.    REPRESENTATIVE ACTION ALLEGATIONS

39.    Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

40.    Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

41.    Plaintiff brings his FLSA claims on behalf of all hourly-paid workers employed by Defendant at any time within the applicable statute of limitations period, who were classified by Defendant as non-exempt from the overtime requirements of the FLSA and who are entitled to payment of the following types of damages:

A.      Payment for all hours worked, including payment of a lawful overtime premium for all hours worked for Defendant in excess of forty (40) hours in a workweek;

B.      Liquidated damages; and

C.      Attorneys' fees and costs.

42.      The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

43.      The members of the proposed FLSA Collective are similarly situated in that they share these traits:

A.      They were classified by Defendant as non-exempt from the overtime requirements of the FLSA;

B.      They were paid hourly rates;

C.      They received a per diem payment each day they worked;

D.      They received per diem in an amount that exceeded the IRS standard per diem rate;

E.      They were subject to Defendant's common policy of improperly calculating overtime pay for hours worked over forty (40) per week.

44.      Plaintiff is unable to state the exact number of the potential members of the FLSA Collective but believe that the group exceeds fifty (50) persons.

45.      Defendant can readily identify the members of the Section 16(b) Collective. The names, physical addresses, electronic mailing addresses and phone numbers of the FLSA collective action plaintiffs are available from Defendant, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via first class mail, email

and text message to their last known physical and electronic mailing addresses and cell phone numbers as soon as possible, together with other documents and information descriptive of Plaintiffs' FLSA claim.

### VI.   FIRST CLAIM FOR RELIEF
### (Individual Claim for Violation of the FLSA)

46.    Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

47.    29 U.S.C. § 207 requires employers to pay employees one and one-half (1.5) times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.  29 U.S.C.S. § 207.

48.    Defendant classified Plaintiff as non-exempt from the requirements of the FLSA.

49.    Defendant violated Section 778.208 of Title 29 of the Code of Federal Regulations by not including all compensation paid to Plaintiff in his regular rate when calculating his overtime pay.

50.    Defendant failed to pay Plaintiff an overtime rate of one and one-half times his regular rate for all hours worked in excess of forty hours per week.

51.    Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

52.    By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred within the three (3) years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

53.     Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

54.     Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII.     SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of FLSA)

55.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

56.     Plaintiff brings this collective action on behalf of all hourly-paid workers employed by Defendant to recover monetary damages owed by Defendant to Plaintiff and members of the putative collective for all the overtime compensation for all the hours they worked in excess of forty (40) each week.

57.     Plaintiff brings this action on behalf of himself individually and on behalf of all other similarly situated employees, former and present, who were and/or are affected by Defendant's willful and intentional violation of the FLSA.

58.     29 U.S.C. § 207 requires employers to pay employees one and one-half (1.5) times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.  29 U.S.C.S. § 207.

59. Defendant violated Section 778.208 of Title 29 of the Code of Federal Regulations by not including all forms of compensation paid to Plaintiff and those similarly situated, in their regular rate when calculating their overtime pay.

60. In the past three years, Defendant has employed at least fifty (50) hourly-paid workers.

61. Like Plaintiff, these hourly-paid workers received a daily per diem even when they were not traveling in an amount that exceeded the IRS standard per diem rate.

62. Like Plaintiff, these hourly-paid workers regularly worked more than forty (40) hours in a week.

63. Defendant failed to pay Plaintiff and all other hourly paid workers who received "per diem" at the proper overtime rate.

64. Because these employees are similarly situated to Plaintiff, and are owed overtime for the same reasons, the opt-in class may be properly defined as:

**All hourly paid employees who received a per diem payment and worked over forty hours in any week within the past three years.**

65. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

66. By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiff and all those similarly situated for, and Plaintiff and all those similarly situated seek, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

67. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and all those similarly situated as provided by the FLSA, Plaintiffs

and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.   THIRD CLAIM FOR RELIEF
### (Individual Claims for Violation of the AMWA)

68.    Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

69.    Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201, *et seq.*

70.    At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

71.     Arkansas Code Annotated § 11-4-211 requires employers to pay all employees one and one-half times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

72.    Defendant failed to pay Plaintiff all overtime wages owed, as required under the AMWA.

73.    Defendant's failure to include all compensation when calculating Plaintiff's overtime pay resulted in a failure to pay Plaintiff full and complete overtime pay during weeks in which Plaintiff worked more than forty (40) hours.

74.    Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

75.    By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiff for monetary damages, liquidated damages, costs, and a reasonable attorney's

fee provided by the AMWA for all violations which occurred within the three (3) years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

76.     Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the AMWA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## IX.     PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Jeremy Payne respectfully prays that Defendant be summoned to appear and to answer herein as follows:

A.     That Defendant be required to account to Plaintiff, the collective members and the Court for all of the hours worked by Plaintiff and the collective members and all monies paid to them;

B.     A declaratory judgment that Defendant's practices violate the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.;*

C.     A declaratory judgment that Defendant's practices violate the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.,* and the related regulations;

D.     Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

E.     Judgment for damages for all unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.;*

F.      Judgment for damages for all unpaid overtime compensation under the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.,* and the related regulations;

G.      Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiff and members of the collective during the applicable statutory period;

H.      Judgment for liquidated damages pursuant to the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.*, and the relating regulations in an amount equal to all unpaid overtime compensation owed to Plaintiff and members the collective during the applicable statutory period;

I.      An order directing Defendant to pay Plaintiff and members of the collective pre-judgment interest, reasonable attorney's fees and all costs connected with this action; and

J.      Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**JEREMY PAYNE, Individually
and on Behalf of All Others
Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

Tess Bradford
Ark. Bar No. 2017156
tess@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**JEREMY PAYNE, Individually and on**                    **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.                                          No. 3:20-cv-_____

**THOMPSON CONSTRUCTION GROUP, INC.**                    **DEFENDANT**

## CONSENT TO JOIN COLLECTIVE ACTION

I was employed as an hourly worker for Thompson Construction Group, Inc., within the past three (3) years. I understand this lawsuit is being brought under the Fair Labor Standards Act for <u>unpaid wages</u>. I consent to becoming a party-plaintiff in this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication by the Court.

_____
**JEREMY PAYNE**
March 5, 2020

**Josh Sanford, Esq.**
**SANFORD LAW FIRM, PLLC**
**One Financial Center**
**650 South Shackleford Road, Suite 411**
**Little Rock, Arkansas 72211**
**Telephone: (501) 221-0088**
**Facsimile: (888) 787-2040**
**josh@sanfordlawfirm.com**